UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

CIVIL NO: 07-3006

| | |
|---|---|
| DOUGLAS MORAN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, INDIAN HEALTH SERVICE, an agency of The United States Government and THE UNITED STATES OF AMERICA, DR. ROMEO VIVIT and JOHN DOE NUMBER ONE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**FILED**

JAN 2 5 2007

CLERK

COMPLAINT

COMES NOW the Plaintiff, by and through legal counsel, and for his complaint, states as follows:

1. Plaintiff, Doug Moran is Native American and a member of the Rosebud Sioux Tribe, residing in Parmalee, South Dakota.

2. At all times relevant hereto, Defendant Department of Health and Human Services, a federal agency of the United States government, was and is now the owner, operator, and/or manager of the Rosebud Indian Health Service (IHS) Hospital in Rosebud, South Dakota. The Rosebud IHS Hospital is located within the exterior boundaries of the Rosebud Sioux Indian Reservation, and is legally obligated to provide health care services to Native Americans by statutory and treaty mandates.

3. On or about February 12, 2003, the Plaintiff, Doug Moran, as a result of complaints of gall bladder discomfort, presented to himself to the Rosebud Indian Health Service

("IHS") Hospital because he had no other alternative but to go there for urgent medical care.

4. An employee of the Rosebud IHS Hospital, Dr. Romeo Vivit, examined Plaintiff Doug Moran for his abdominal complaints. Defendant Vivit advised that he wanted to do abdominal surgery upon the Plaintiff and a surgery was planned by Dr. Romeo Vivit, a physician at the Rosebud IHS Hospital, to remove Mr. Moran's gall bladder. Dr. Vivit indicated that he would perform the surgery upon Mr. Moran at the IHS Hospital to relieve his present problems and complaints.

5. Plaintiff had gall bladder surgery on or about February 12, 2003 at the Rosebud IHS Hospital performed by Dr. Vivit.

6. At all times relevant hereto, there existed a physician-patient relationship between the Defendant, their employees and/or agents, including Dr. Vivit, and the Plaintiff.

7. The agents and employees of the Rosebud IHS Hospital, and specifically, Dr. Vivit, failed to exercise reasonable care and/or the level of care according to the standard of care required of medical specialty, when he performed the February 12, 2003 gall bladder surgery and left a metal surgical clamp or a metal piece of a surgical clamp inside of Plaintiff's abdomen and partially into his groin area. Subsequently, claimant suffered long lasting severe abdominal pain and discomfort and went back into the Rosebud IHS on 2/14/03 and repeatedly thereafter, seeking medical assistance and/or relief from the pain, discomfort and disability.

8. On or about February 14, 2003, the Plaintiff was advised by Dr. Vivit that he (Vivit) had mistakenly left the metal clamp inside of the claimant, but that it is aluminum, so it will not hurt him, and he'll have to live with it. The outcome of the surgery has caused the Plaintiff permanent and long term detriment and damage.

9. Over the months following surgery, Plaintiff Moran's surgery site was becoming

increasingly uncomfortable and painful and was making him nauseous, and his leg began to hurt and go numb. Plaintiff noticed that the metal piece seemed to be moving toward his groin.

10. As a direct and proximate result, and in consequence of, the negligence of the Defendants or their agents and employees, specifically including Dr. Vivit, the Plaintiff, Doug Moran, experienced pain and suffering, embarrassment, humiliation, psychological/mental anguish, disfigurement, emotional distress and inconvenience.

11. As a further direct and proximate result of the negligence of the Defendants, specifically, Dr. Vivit, as alleged herein, the Plaintiff, Doug Moran, was injured and has currently incurred more than $2,000.00 in treatment expenses, and will in the future incur expenses for medical care in an amount in excess of $5,000.00, as a direct result of the negligence of the Defendant Rosebud IHS Hospital and Defendant Dr. Vivit.

12. As a further direct and proximate result of the negligence of the Defendant, as alleged herein, the Plaintiff has experienced loss of enjoyment of life, past and future pain and suffering, and mental anguish.

13. On January 26, 2004, the Plaintiff submitted a claim based on the allegation herein to the Rosebud Indian Health Service, Department of Health and Human Services, United States of America. A copy of that claim is attached as Exhibit 1.

14. The Plaintiff has exhausted his administrative remedies through the Federal Tort Claim Act against the Rosebud IHS Hospital and Dr. Vivit. The Plaintiff timely filed an administrative federal tort claim on January 26, 2004. The Government has chosen to deny his claim and damages.

15. The Defendant, DHHS and/or the Rosebud IHS Hospital and/or its administrators and federal officials, have failed to exercise its federal trust responsibility to the Rosebud Sioux

Tribe and its individual members, including Plaintiff Moran here, by negligently failing to protect Plaintiff and others similarly situated, from the negligent and harmful "medical" care and treatment administered by Dr. Vivit to Native American patients, such as Plaintiff under these circumstances.

16. That the negligence referenced above on behalf of DHHS and Rosebud IHS officials, is in failing to reasonably screen, hire, investigate, train and/or supervise medical (federal) employees such as Vivit here, specifically, so as to reasonably, fairly and adequately to protect, and assure, the Native American patients who come to the Rosebud IHS Hospital for medical care, are not unreasonably harmed, disfigured, molested, humiliated and/or killed by the conduct of those IHS employees, such as Defendant Vivit here.

17. That the above referenced conduct and breaches of duty described in paragraphs one through sixteen, above, the Plaintiff's damages were directly and proximately caused, thereby, and will continue into the future.

18. That the ongoing practice of forcing Native American patients to have to present themselves at local IHS facilities, such as Rosebud here, is an incredible and great breach of the United States' trust responsibility to the Indian people as legally recognized under the 1868 Ft. Laramie Treaty, the Supremacy Clause and the federal case of Sioux Nation v. U.S., in that the alleged federal trust responsibility, ensures "a doctor" and reasonable medical care. Further, as U.S. citizens, Indian people, under the Seventh Amendment to the U.S. Constitution, should be allowed a trial by jury for harms caused by these practices and policies, such as here.

WHEREFORE, Plaintiff requests judgement against Defendants and/or a jury trial or a trial to the Court as against the United States and as provided by the Federal Tort Claims Act as follows:

1. For the actual expenses incurred in the treatment of the injuries sustained by Plaintiff in the subject incident and for the actual expenses, attorney fees and costs, and prejudgment interest on medical bills and other special damages.

2. For such monetary compensation as shall fully compensate for the pain, humiliation, embarrassment, anguish and loss of enjoyment of life sustained by Plaintiff to the date of trial and which is likely to continue into the future, in a sum to be determined by a jury in this case.

3. For other and further relief deemed just and necessary in this matter.

Dated this 25th day of January, 2007.

By: _____
Robin L. Zephier
Attorney for Plaintiff Doug Moran
2020 W. Omaha
Rapid City, South Dakota 57709
(605) 342-0097