UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DOUGLAS MORAN, | CIV 07-3006 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION ON MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., arising out of alleged medical malpractice of Dr. Romeo Vivit, a physician at an Indian Health Services (IHS) facility on the Rosebud Indian Reservation in South Dakota. Plaintiff alleges, in addition to medical malpractice, that the defendant negligently failed to protect plaintiff and others similarly situated from the negligent medical care administered by Dr. Vivit at the IHS hospital; negligently failed to screen, hire, investigate, train and supervise medical employees, including Dr. Vivit, at the IHS hospital; failed to adequately protect plaintiff and others from the negligent actions of Dr. Vivit; and failed to exercise its federal trust responsibility to the members of the Rosebud Sioux Tribe to provide reasonable medical care. Defendant has filed a motion to dismiss the breach of trust claim. Plaintiff did not file a resistance to the motion to dismiss.

Plaintiff cannot bring an action or claim damages for "others similarly situated." This is not a class action.

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993) (citing Bender v. Williams-Port Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501, *reh'g denied* 476 U.S. 1132, 106 S. Ct. 2003, 90 L. Ed. 2d 682 (1986), (citing in turn Marbury v.

Madison, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1803))). Plaintiff did not identify any basis for federal jurisdiction for his claims in his complaint.

Pursuant to 28 U.S.C. § 1346(b), district courts have jurisdiction over civil actions for

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Notwithstanding § 1346(b), "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) (Mitchell II). Plaintiff did set forth in his civil cover sheet that he was proceeding under the FTCA. The FTCA represents a limited waiver of immunity and allows the United States to be sued, subject to various exceptions. Tonelli v. United States, 60 F.3d 492, 494 (8th Cir. 1995). The United States Supreme Court's decision in United States v. Olson, 546 U.S. 43, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005), reminds us that the FTCA waives sovereign immunity only in circumstances where local law would make a private person liable in tort. Olson, 546 U.S. at 44, 126 S.Ct. at 512. Plaintiff's claims arising out of claimed medical malpractice are properly before this court because the law of South Dakota provides redress for claimed medical malpractice.

Plaintiff alleges more than medical malpractice. He alleges that

> the ongoing practice of forcing Native American patients to have to present themselves at local IHS facilities, such as Rosebud here, is an incredible and great breach of the United States' trust responsibility to the Indian people as legally recognized under the 1868 Ft. Laramie Treaty, the Supremacy Clause and the federal case of Sioux Nation v. U.S., in that the alleged federal trust responsibility, ensures "a doctor" and reasonable medical care. Further, as U.S. citizens, Indian people, under the Seventh Amendment to the U.S. Constitution, should be allowed a trial by jury for harms caused by these practices and policies, such as here.

The breach of trust claim is clearly not a claim arising under the FTCA. In any event, there is no right to trial by jury under the FTCA.

The government contends that jurisdiction, if it exists, is vested in the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491, or the Indian Tucker Act, 28

U.S.C. § 1505. Plaintiff has not refuted that assertion. Plaintiff has not identified any basis for federal jurisdiction over his breach of trust claim.

Now, therefore,

IT IS ORDERED that defendant's motion to dismiss plaintiff's breach of trust claim, Doc. 9, is granted.

Dated this 26th day of December, 2007.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J Raphe*
DEPUTY
(SEAL)